# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR IBANEZ, CDC #P-13792, <br><br>               Plaintiff, <br><br> vs. <br><br><br> E. GARZA; HAGMAN; M. MACIEL; P. GUZMAN; J. CEBALLOS N. MAROKI , <br><br>               Defendants. | Civil No.  05-1550 IEG (RBB) <br><br> **ORDER:** <br><br> **(1) ADOPTING IN PART AND MODIFYING IN PART MAGISTRATE JUDGE'S REPORT & RECOMMENDATION [Doc. No. 38];** <br><br> **AND** <br><br> **(2) GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST PURSUANT TO FED.R.CIV.P. 12(b) & 42 U.S.C. § 1997e(a) [Doc. No. 18]** |

## I.   Procedural Background

This action was first commenced on March 21, 2005 in the Northern District of California by Plaintiff, a prisoner proceeding pro se, who is now incarcerated at High Desert State Prison pursuant to 42 U.S.C. § 1983.  (*See* Orig. Compl. [Doc. No. 1]).  District Judge Marilyn Patel determined that the allegations in Plaintiff's Complaint arose from incidents which occurred at the Richard J. Donovan Correctional Facility ("Donovan") and ordered the matter transferred to the Southern District of California.

On October 23, 2005, District Judge Larry Alan Burns granted Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) but sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* Oct. 23, 2005 Order at 7-8. Plaintiff was permitted leave to file an Amended Complaint and he was cautioned that any Defendants not named and any claims not re-alleged in the Amended Complaint would be deemed to have been waived. *Id.* (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff filed his First Amended Complaint ("FAC") on November 14, 2005 [Doc. No. 2]. In his First Amended Complaint, Plaintiff named only Defendants Garza, Maciel, Maroki, Ceballos, Guzman and Hagman. Because Plaintiff did not re-allege any claims against Defendants Arguilez, Panichello, Ramirez, Munoz, Watts, Lorocco, Giron, and Magno, these Defendants are terminated from this action. *King*, 814 F.2d at 565.

Currently pending before the Court is Defendants Garza, Maciel, Maroki, Ceballos and Guzman's FED.R.CIV.P. 12(b) Motion to Dismiss Plaintiff's First Amended Complaint [Doc. No. 18].[1] These Defendants seek dismissal on exhaustion grounds, claiming specifically that Plaintiff was required to exhaust prior to suit and that his completion of the administrative process during the course of litigation is insufficient to satisfy 42 U.S.C. § 1997e(a). The Motion was referred to Magistrate Judge Ruben B. Brooks for disposition by way of a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(c) and S. D. CAL. CIVLR 72.3. On October 23, 2006, Judge Brooks issued an R&R, recommending that this Court grant Defendants Motion to Dismiss. Plaintiff filed Objections [Doc. No. 39], and Defendants filed a Reply [Doc. No. 40].

28 U.S.C. § 636 provides that "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). After careful

---

[1] The record before the Court indicates that Plaintiff has been unable to properly serve Defendant Hagman in this matter. However, this is immaterial in light of the fact that the entire matter should be dismissed as to all parties for failing to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

review of the R&R, Plaintiff's Objections, Defendants' Reply, all papers filed in support of and in opposition to Defendant's Motion, this Court adopts in part and modifies in part, the findings, conclusions and recommendations set forth in Magistrate Judge Brook's R&R.

**II.     Discussion**

        **A.     42 U.S.C. § 1997e(a)'s Exhaustion Requirement**

Before the Prison Litigation Reform Act ("PLRA") was enacted, prisoners challenging conditions of confinement under 42 U.S.C. § 1983 were not generally required to exhaust administrative remedies prior to filing suit in district court. *See Patsy v. Bd. of Regents*, 457 U.S. 496, 500-01 (1982); *Porter v. Nussle*, 534 U.S. 516, 517-518 (2002). The PLRA amended 42 U.S.C. § 1997e(a), however, to provide that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Porter*, 534 U.S. at 517; *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2002). The Supreme Court has called "protecting administrative agency authority and promoting judicial efficiency" the "twin purposes" of administrative exhaustion. *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992); *see also Porter*, 534 U.S. at 517 (noting that corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate and thereby obviate the need for litigation, help to filter out frivolous claims and provide the court with an administrative record that clarifies the contours of the controversy) (citing *Booth*, 532 U.S. at 737).

In this case, Defendants' have filed and specifically request that the Court rule on its motion to dismiss Plaintiff's First Amended Complaint under the "non-enumerated" provisions of FED.R.CIV.P. 12(b). The Ninth Circuit has held that "failure to exhaust nonjudicial remedies is a matter of abatement" not going to the merits of the case and is properly raised pursuant to a motion to dismiss, including a non-enumerated motion under FED.R.CIV.P. 12(b). *See Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988). "Non-enumerated" Rule 12(b) motions are governed by the general motion provisions in the federal rules, including FED.R.CIV.P. 43(e), which permits the hearing of motions based on facts outside

the record on affidavits submitted by the parties. *Id.*; 5A Wright & Miller, FEDERAL PRACTICE & PROCEDURE, § 1360 (2d ed. 1990).

The Supreme Court has recently held that under the PLRA, 42 U.S.C. § 1997e(a)'s exhaustion requirement is an affirmative defense. *See Jones v. Bock,* __ S.Ct. __, 2007 WL 135890 at *11 (Jan 22, 2007) (No. 05-7058); *see also Wyatt*, 315 F.3d at 1119. In *Wyatt*, the court stated that district courts should look to documentation beyond the pleadings in deciding motions to dismiss for failure to exhaust nonjudicial remedies. *Id.* (citing *Ritza*, 837 F.2d at 369).

### B. Excessive Force claims

Defendants brought a motion pursuant to FED.R.CIV.P. 12(b) arguing that Plaintiff filed a grievance relating to the excessive force claims which was rejected by prison officials as untimely. Accordingly, pursuant to the Supreme Court's recent decision in *Woodford v. Ngo*, __ U.S. __, 126 S. Ct. 2378, 2385 (2006), Magistrate Judge Brooks found that Plaintiff did not properly exhaust his administrative remedies. The record before the Court indicates that Plaintiff's administrative grievance regarding the alleged use of excessive force was submitted seven months after the incident allegedly occurred. (FAC at 7.) This grievance was, therefore, "screened out" for failing to comply with the time limits set forth in Cal. Code. Regs. tit. 15 § 3084.6(c).

Plaintiff maintains in the objections filed, that prison officials at Donovan refused to give him administrative grievance forms and thus, he did not have any "available" remedies. However, the Supreme Court in *Woodford* made clear that "PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 126 S.Ct. at 2387. Proper exhaustion is "not satisfied when grievances [are] dismissed because prisoners miss deadlines set by [a prison's] grievance policy." *See Jones,* __ S.Ct. __ 2007 WL 135890 at *17. Even if Plaintiff was thwarted from filing an administrative grievance while at Donovan, he again fails to provide an explanation in his objections why he waited more than five months after he had been transferred from Donovan to file this grievance. He does not allege that Tehachapi prison officials refused to provide him with the proper grievance forms at any time. The Court simply cannot know how prison

officials would have treated his grievance at Tehachapi if he had filed his grievance within a short amount of time after arriving at that prison. Instead Plaintiff waited an additional five months but offers the Court no explanation as to why he failed to follow the prison's grievance procedure.

Thus, the Court agrees with Magistrate Judge Brook's R&R to the extent that it finds that Plaintiff's excessive force claims must be dismissed for failing to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e. However, the Court declines to adopt the Report and Recommendation to the extent that it recommends dismissing Plaintiff's excessive force claims with prejudice. *See Wyatt v. Terhune*, 305 F.3d 1033, 1045 (9th Cir. 2002) ("If the district court concludes that the prisoner has not [satisfied 42 U.S.C. § 1997e(a)'s exhaustion requirement], the proper remedy is dismissal of the claim without prejudice.")

### C. Medical Care Deliberate Indifference claims

Plaintiff also objects to the Report and Recommendation to the extent that it recommends dismissal of Plaintiff's medical care claims because he failed to exhaust these claim prior to bringing this action. Plaintiff admits, and the record before the Court shows, that he initially filed an administrative grievance relating to his medical care claims on November 9, 2004. (Pl.'s Obj. at 4) However, Plaintiff maintains that under Title 15 regulations, Defendants should have responded to his grievance at the final level of review within 120 days from the date he submitted his grievance. (*Id.* at 9.) Plaintiff waited to receive a response and once the 120 days had "expired" he filed his litigation. (*Id.*)

The plain language of 42 U.S.C. § 1997e(a) provides that no § 1983 action "shall be *brought* . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The Ninth Circuit has consistently held that exhaustion before bringing suit in Federal Court is mandatory. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2003) (prisoners who are incarcerated at the time they file a civil action which challenges the conditions of their confinement are required to exhaust "all administrative remedies as are available" as a mandatory precondition to suit; *see also Vaden v. Summerhill*, 449 F.3d 1047 (9th Cir. 2006) (a prisoner "may initiate litigation in federal court only after the administrative

process ends and leaves his grievances unredressed."). While the Court recognizes that there was a lengthy period of time in addressing Plaintiff's grievances, the Court agrees with the R&R that these claims must be dismissed for failing to exhaust all administrative remedies prior to bringing this civil rights action.[2]

### III. Conclusion and Order

Based on the foregoing, the Court hereby:

(1) ADOPTS in part and MODIFIES in part the Magistrate Judge's Report & Recommendation [Doc. No. 38];

(2) DENIES Defendants' Motion to Stay [Doc. No. 18] as moot; and

(3) GRANTS Defendants' Motion to Dismiss pursuant to FED.R.CIV.P. 12(b) & 42 U.S.C. § 1997e(a) [Doc. No. 18].

The Clerk shall close the file.

**IT IS SO ORDERED.**

**DATED: January 25, 2007**

*[signature: Irma E. Gonzalez]*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[2] This dismissal is without prejudice to Plaintiff refiling his claims, once they are properly exhausted, so long as he can do so within the statute of limitations, or otherwise plead facts on the face of his complaint that might entitle him to statutory or equitable tolling. *See, e.g., See Wilson v. Garcia*, 471 U.S. 261, 269 (1985) (because § 1983 contains no specific statute of limitations, federal courts borrow from state's personal injury actions in § 1983 suits); CAL. CODE CIV. P. 335.1 (providing 2-year statute of limitations for personal injury suits); *see also* CAL. CODE CIV. P. 352.1 (providing 2-year tolling of statute of limitation for eligible prisoners); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (1978) (describing basis for equitable tolling under California law).